In re Skyline Manor, Inc.
Case No. 14-80934

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

In re:                                                                                    Chapter 11

Skyline Manor, Inc.,                                                            Case No. 14-80934

    Debtor.

_____/

### JOINDER IN SUPPORT OF MOTION TO APPOINT CHAPTER 11 TRUSTEE

The State of Nebraska, ex. rel Jon Bruning, Nebraska Attorney General, by and through the undersigned counsel (hereinafter "Nebraska Attorney General's Office"), respectfully submits this Joinder in Support of the Motion to Appoint Chapter 11 Trustee filed by Oxford Finance LLC (Docket No. 10), including the Supplement to Motion to Appoint Trustee (Docket No. 67) (hereinafter collectively "Oxford Trustee Motion"). In further support of the Oxford Trustee Motion the Nebraska Attorney General's Office states as follows:

1.    The Nebraska Attorney General's Office has an interest in these proceedings pursuant to its oversight power regarding Nebraska nonprofit corporations as found in common law authority, *parens patriae* authority, and authority as set out in the Nonprofit Corporation Act, *Neb. Rev. Stat.* §§ 21-1901 to 21-19,177. Skyline Manor, Inc. (hereinafter "Skyline") is a Nebraska nonprofit public benefit corporation.

2.    The Oxford Trustee Motion alleges facts that call into question the ability and desire of the current Skyline Board of Directors and Officers to uphold their fiduciary duties as required by *Neb. Rev. Stat.* §§ 21-1986 and 21-1992.

3.    Furthermore, based on the information presented in the Oxford Trustee Motion, the Nebraska Attorney General's Office has concerns regarding possible conflicts of interest transactions in violation of *Neb. Rev. Stat.* § 21-1987 between the Skyline Board of Directors

1

In re Skyline Manor, Inc.
Case No. 14-80934

and Officers and various management companies, all related to John Bartle, including but not limited to Americare Communities, LLC and BVM Management.

4.	Furthermore, based on the information presented in the Oxford Trustee Motion, the Nebraska Attorney General's Office has concerns about whether the Skyline Board of Directors and Officers are fulfilling the charitable purpose of Skyline and whether they have the ability and desire to fulfil Skyline's charitable purpose going forward. Skyline's Articles of Incorporation provide that the charitable purpose of Skyline is, "To provide for elderly families and elderly persons on a non-profit basis rental housing, retirement, nursing and related facilities and services specially designed to meet the physical, social and psychological needs of the ages [*sic*], and contribute to their health, security, happiness and usefulness in longer living." The allegations in the Oxford Trustee Motion call into question whether Skyline is fulfilling its charitable purpose or inappropriately serving the personal interests of its directors and officers.

5.	Furthermore, based on the information presented in the Oxford Trustee Motion, the Nebraska Attorney General's Office has concerns about whether the Skyline Board of Directors and Officers are making unauthorized distributions which are prohibited by *Neb. Rev. Stat.* § 21-19,127.  This section sets forth the basic rule that a nonprofit corporation is prohibited from any payment or any part of the income or profit of a nonprofit corporation to its members, directors or officers.  "The primary distinction between nonprofit corporations and for-profit corporations is found in the nondistribution constraint, which bars the nonprofit corporation from distributing profits or net earnings to those who control the corporation." *Medlock v. Medlock*, 263 Neb. 666, 680 (Neb. 2002).  The allegations in the Oxford Trustee Motion call into question whether unauthorized distributions are taking place.

In re Skyline Manor, Inc.
Case No. 14-80934

6. In addition to being a Nebraska nonprofit corporation, Skyline is also a federally tax-exempt organization pursuant to 26 USC § 501(c)(3). To be tax-exempt under section 501(c)(3) of the Internal Revenue Code, an organization must be organized and operated exclusively for exempt purposes set forth in section 501(c)(3), and none of its earnings may inure to any private shareholder or individual. A section 501(c)(3) organization must not be organized or operated for the benefit of private interests, such as the creator or the creator's family, shareholders of the organization, other designated individuals, or persons controlled directly or indirectly by such private interests (Treas. Reg. § 1.501(c)(3)-1(d)(1)(ii)). No part of the net earnings of a section 501(c)(3) organization may inure to the benefit of any private shareholder or individual. (26 I.R.C. § 501(c)(3)). The allegations in the Oxford Trustee Motion call into question whether Skyline is adhering to the aforementioned requirements as set forth in the Internal Revenue Code.

7. Protection of nonprofit assets is such a high priority of the Nebraska Nonprofit Corporation Act that misapplication or waste can be grounds for judicial dissolution. *Neb. Rev. Stat.* § 21-19,141(a)(2)(iv). Here, appointment of a Trustee will ensure that Skyline's assets will not be misapplied or wasted, while further control of the charitable assets of Skyline by the Board of Directors and Officers does not. Furthermore, the appointment of a Chapter 11 trustee will ensure that the charitable purpose of Skyline may continue to be fulfilled.

THEREFORE, the State of Nebraska, ex. rel Jon Bruning, Nebraska Attorney General, by and through the undersigned counsel, joining the Oxford Trustee Motion, in urging the Court to appoint a trustee in this bankruptcy case as soon as possible, for the reasons explained above.

In re Skyline Manor, Inc.
Case No. 14-80934

Dated: May 19, 2014                     Respectfully submitted;


                                        STATE OF NEBRASKA, ex rel.
                                        JON BRUNING, *Attorney General of Nebraska*

                                        By:    JON BRUNING, #20351
                                               Attorney General


                                        By:    /s/ Abigail M. Stempson
                                               Abigail M. Stempson, #23329
                                               *Assistant Attorney General*
                                               2115 State Capitol
                                               Lincoln, Nebraska 68509
                                               Tel: (402) 471-2682
                                               Fax: (402) 471-3297
                                               Abigail.stempson@nebraska.gov
                                               Attorney for the State of Nebraska