UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>SKYLINE MANOR, INC.<br><br>                       Debtor. | Chapter 11<br><br>Case No. 14-80934 (TLS) |

### JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION TO APPOINT CHAPTER 11 TRUSTEE

The Official Committee of Unsecured Creditors (the "Committee") of Skyline Manor, Inc. (the "Debtor"), by and through its proposed undersigned counsel, hereby joins (this "Joinder") the Motion to Appoint Chapter 11 Trustee (Docket No. 10) (the "Chapter 11 Trustee Motion") filed by Oxford Finance LLC ("Oxford"). In support hereof, the Committee respectfully states as follows:

### BACKGROUND

1.  On May 8, 2014 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.* as amended, the "Bankruptcy Code").

2.  The Debtor currently continues in possession of its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On May 15, 2014 (the "Committee Formation Date"), the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee currently consists of five members.[1] The Committee selected Pepper Hamilton to serve as counsel to the Committee pursuant to section 1103(a) of the Bankruptcy Code.

---

[1] The members of the Committee are: (i) RehabCare Group East, Inc., d/b/a RehabCare Group Therapy Services Inc.; (ii) Pharmacy Corporation of America d/b/a Pharmerica; (iii) Host Coffee Service, Inc.; (iv) Omnicare Pharmacy of Nebraska, LLC; and (v) Sysco Lincoln.

#26580401 v5

4. Oxford filed the Chapter 11 Trustee Motion on May 13, 2014. In the Chapter 11 Trustee Motion, Oxford alleges that (i) "cause" exists within the meaning of § 1104(a)(1) mandating the appointment of an independent chapter 11 trustee (a "Chapter 11 Trustee") and (ii) appointment of the Chapter 11 Trustee is necessary to protect the interests of creditors and other interests of the estate under section 1104(a)(2).

5. On May 19, 2014, the State of Nebraska filed its Joinder in Support of the Chapter 11 Trustee Motion (Docket No. 82).

6. On May 21, 2014, Skyline Foundation, Inc. filed its Joinder in Support of the Chapter 11 Trustee Motion (Docket No. 95).

## JOINDER

7. Based on the allegations set forth in the Chapter 11 Trustee Motion, the recent deposition testimony taken in connection with the Chapter 11 Trustee Motion, and the evidentiary record to be presented to the Court at the hearing on the Chapter 11 Trustee Motion, the Committee joins in the Chapter 11 Trustee Motion and likewise asserts that an independent Chapter 11 Trustee should be appointed pursuant to sections 1104(a)(1) and 1104(a)(2) of the United States Bankruptcy Code.

8. Section 1104(a)(1) provides for the mandatory appointment of a Chapter 11 Trustee when "cause" exists. 11 U.S.C. § 1104(a)(1). In contrast, section 1104(a)(2) affords a court discretion to appoint a Chapter 11 Trustee in the absence of cause where such appointment is in the best interests of the parties. 11 U.S.C. § 1104(a)(2). In the present case not only does "cause" exist to appoint a Chapter 11 Trustee pursuant to section 1104(a)(1), but the immediate appointment of a Chapter 11 Trustee will also be in the best interest of the Debtor's creditors.

9. As set forth in the Chapter 11 Trustee Motion, the Debtor, its senior management and the Debtor's board of directors cannot be trusted to carry out the Debtor's fiduciary duties in

this case. The deposition testimony taken in connection with the Chapter 11 Trustee Motion has further revealed gross mismanagement, dishonesty and incompetence in the management of the affairs of the Debtor. As such, and as will further be presented at the hearing of the Chapter 11 Trustee Motion, the appointment of a Chapter 11 Trustee is warranted under sections 1104(a)(1) and 1104(a)(2) of the Bankruptcy Code.

A.      **"Cause" is Present Under 11 U.S.C. § 1104(a)(1)**

10.     Section 1104(a)(1) provides that a Chapter 11 Trustee "shall" be appointed "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause …." 11 U.S.C. § 1104(a)(1). While Section 1104(a)(1) expressly identifies four bases upon which "cause" may be found, those enumerated grounds are not exclusive; additional grounds may be determined on a case-by-case basis. *See In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989). Once a court finds that "cause" exists, a Chapter 11 Trustee shall be appointed; there is no discretion to deny relief. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989); *In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989); *In re Deena Packaging Indus., Inc.*, 29 B.R. 705, 706 (Bankr. S.D.N.Y. 1983).

11.     As set forth in the Chapter 11 Trustee Motion and as will be demonstrated to the Court at the hearing on the Chapter 11 Trustee Motion, the explicit occasions of "cause" identified in section 1104(a)(1) -- dishonesty, gross mismanagement and incompetence – are present in the instant case and more than justify the immediate appointment of a Chapter 11 Trustee. *See,* 11 U.S.C. § 1104(a); *Sharon Steel*, 871 F.2d at 1228-29 (affirming bankruptcy court appointment of a Chapter 11 Trustee on the basis of gross mismanagement); *In re U.S.*

-3-

#26580401 v5

*Comm'ns of Westchester, Inc.*, 123 B.R. 491, 495 (Bankr. S.D.N.Y. 1991) (debtor's failure to maintain adequate financial records reflected incompetence warranting appointment of a Chapter 11 Trustee); *In re Warwick Park, Inc.*, 100 B.R. 179, 180 (Bankr. D. Del. 1989) (debtor's majority shareholder lacked understanding and experience to operate business, her failure to seek outside assistance reflected incompetence and gross mismanagement).

12. Moreover, as set forth in the Chapter 11 Trustee Motion and as will be demonstrated to the Court at the hearing on the Chapter 11 Trustee Motion, the questionable conduct and actions of the Debtor's senior management team, including the questionable conduct of the Debtor's CRO, John Bartle, lead to the inescapable conclusion that neither the Debtor nor its senior management can be depended upon to carry out their fiduciary responsibilities in these cases. *In re Marvel Entm't. Group, Inc.*, 140 F.3d 463, 472 (3d Cir. 1998) ("It is significant that the language of § 1104(a)(1) does not promulgate an exclusive list of causes for which a trustee must be appointed" and holding that § 1104(a)(1) covers a "wide range of conduct."); *Official Comm. of Asbestos Personal Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.)*, 285 B.R. 148, 158 (Bankr. D. Del. 2002) ("cause under 11 U.S.C. § 1104(a)(1) may emerge from a wide variety of factual scenarios … [t]his would include … a breach of fiduciary duty owed by the debtor to creditors …"); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985) (Courts will leave a debtor in possession of its business only where current management "can be depended upon to carry of the fiduciary responsibilities of a trustee.") When a debtor-in-possession is incapable of performing its duties or when creditors' confidence evaporates, all as in the instant case, a Chapter 11 Trustee must be appointed. *See In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 473 (3d Cir. 1998); *In re McCorhill Publ'g, Inc.*, 73 B.R. 1013, 1017 (Bankr. S.D. N.Y. 1987). It is therefore clear that where a debtor's management is

-4-

unable to meet its fiduciary obligations in a chapter 11 case, "cause" is also present requiring appointment of a Chapter 11 Trustee. *In re IPofA W. Oaks Mall, LP*, 2007 Bankr. LEXIS 3737, *11-12 (Bankr. E.D. Va. Oct. 26, 2007); *In re Ford*, 36 B.R. 501, 504 (Bankr. W.D. Ky. 1983); *In re Clinton Centrifuge, Inc.*, 85 B.R. 980, 985 (Bankr. E.D. Pa. 1988) ("Among the sensible rationales offered for concluding that cause exists under § 1104(a)(1), is that the debtor entity is not being operated in a fiduciary capacity, by current management, for the benefit of all creditors and equity security holders.").

### B. Appointment of a Chapter 11 Trustee Would Serve the Interests of the Parties and the Estate Under 11 U.S.C. § 1104(a)(2)

13. Likewise, the loyalties owed by the Debtor to its estate and its creditors, as opposed to current management's loyalty to itself, also demonstrate that appointment of a Chapter 11 Trustee would be in the best interests of creditors pursuant to section 1104(a)(2) of the Bankruptcy Code. 11 U.S.C. § 1104(a)(2). Section 1104(a)(2) provides that a Chapter 11 Trustee "shall" be appointed "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate …." 11 U.S.C. § 1104(a)(2). Section 1104(a)(2) emphasizes the court's discretion, allowing the court to appoint a Chapter 11 Trustee when doing so would serve the parties' and estate's interests. *Id.*

14. A Chapter 11 Trustee may be appointed under subsection (a)(2) "even when no 'cause' exists." *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989). Rather than examining the presence of "cause," the appointment of a Chapter 11 Trustee pursuant to section 1104(a)(2) of the Bankruptcy Code looks "to the practical realities and necessities" of the case. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 428 (Bankr. S.D.N.Y. 2007) (holding that "it seems that § 1104(a)(2) reflects 'the practical reality that a trustee is needed'."). Even absent a

-5-

finding of 'cause,' a bankruptcy court should appoint an impartial Chapter 11 Trustee when it determines that to do so would serve the interests of creditors. *In re Nat'l Staffing Servs., LLC*, 338 B.R. 31, 33 (Bankr. N.D. Ohio 2005) (holding that § 1104(a)(2) envisions a flexible standard and an equitable approach, affording the bankruptcy court the discretion to appoint a Chapter 11 Trustee when to do so would serve the parties' and estate's interests); *In re 1031 Tax Group, LLC*, 374 B.R. 78, 90 (Bankr. S.D.N.Y. 2007) (same).

15.   As alleged in the Chapter 11 Trustee Motion, and as will be demonstrated to the Court at the hearing on the Chapter 11 Trustee Motion, the Debtor and its senior management are conflicted and lack independence, such that their ability to discharge their duties to the Debtor's estate, creditors, and residents is impaired, thereby justifying the appointment of a Chapter 11 Trustee pursuant to section 1104(a)(2). *In re Euro American Lodging Corp.*, 365 B.R. 421, 428 (Bankr. S.D.N.Y. 2007) ("Where [debtor and managers] suffer from material conflicts of interest, an independent trustee should be appointed under § 1104(a)(2)"); *see also In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 676 (Bankr. W.D. Tenn. 1989) (appointing Chapter 11 Trustee where debtor was not in a "strong posture" to pursue possible claims due to a conflict of interest); *In re Humphreys Pest Control Franchises, Inc.*, 40 B.R. 174, 176-77 (Bankr. E.D. Pa. 1984) (holding that an independent trustee was needed to protect the interests of creditors where officers and directors of parent corporation were same individuals as the officers and principals of debtor); *In re Great Northeastern Lumber & Millwork Corp.*, 20 B.R. 610, 611-12 (Bankr. E.D. Pa. 1982) (holding that "appointment of a trustee to investigate the circumstances of the debtor and its relationship to other entities" was in the interest of creditors pursuant to § 1104(a)(2)).

#26580401 v5

## C. Committee Must be Consulted Regarding Identity of Individual to be Appointed to Serve as Chapter 11 Trustee

16. As a fiduciary to the unsecured creditors of the estate, the Committee submits that the Committee must be consulted with respect to the choice of the individual that will be appointed to serve as Chapter 11 Trustee.

17. The Committee also submits that the Chapter 11 Trustee should be required to consult with the Committee regarding the retention of an appropriate management company after appointment of the Chapter 11 Trustee

## CONCLUSION

18. WHEREFORE, based upon the points and authorities included herein and in the Chapter 11 Trustee Motion, the relevant papers and pleadings on file with the Court in this matter, and such evidence as will be introduced at the hearing on the Chapter 11 Trustee Motion, the Committee respectfully requests that this Court enter an Order (a) granting the Chapter 11 Trustee Motion; (b) appointing a Chapter 11 Trustee, and (c) granting such other and further relief in favor of the Committee as the Court deems just and proper.

Date:  May 28, 2014
Philadelphia, Pennsylvania

Respectfully submitted,

PEPPER HAMILTON LLP

/s/  Francis J. Lawall,
Francis J. Lawall, Esq. (admitted *pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-27990
Tel: 215-981-4481
Fax: 215-981-4750
Email: lawallf@pepperlaw.com

*Proposed Counsel to the*
*Official Committee of Unsecured Creditors*

#26580401 v5